[No. 38358. Department One. June 2, 1966.]

ALFRED R. DIIMMEL *et al.*, *Respondents*, v. GEORGE CAMP-
BELL *et al.*, *Appellants.**

*G. B. Chamberlin* and *Gerard A. Johnson* (of *Chamberlin.
& Johnson*), for appellants.

*Clarence H. Fidler*, for respondents.

PER CURIAM.—In a case involving a boundary dispute, defendants (hereinafter called appellants) appeal from an order granting plaintiffs (hereinafter called respondents) a new trial.

The source of this litigation was the shifting of the Sol Duc River in Clallam County, Washington. Respondent Alfred Diimmel is the record owner of the property in dispute, which, some 70 years ago, was situated to the south of the river, but which is now located, due to a general southerly movement of the river bed, to the north of the meandering waterway. Respondents brought this suit against appellants George Campbell and Charles Marshall to quiet title to the disputed area, for a restraining order prohibiting the removal of gravel from this area, for a boundary determination, and for damages in trespass.

*Reported in 414 P.2d 1022.

Respondents filed a demand for a jury trial and also made an oral request for a visiting judge. When the case was being set for trial in open court, certain colloquy took place among the court and counsel which has become part of the record. Reference was made at that time to a letter which had been written by the former law partner of the trial judge. The following was said:

THE COURT: . . . Mr. Fidler [counsel for respondents], are you asking for a visiting judge?

MR. FIDLER: Well, in view of the fact that it is a jury case, and your acquaintance is limited to the case to a letter written by your office some years ago—I believe the letter was probably written by your associate at that particular time—no.

Neither the letter nor the nature of its contents was revealed to the trial court on this occasion.

On the day of trial, after the jury had been impaneled and some testimony heard from respondents' first witness, the court, sua sponte, ruled that the action was essentially equitable in nature, and announced that the jury would be used in an advisory capacity only.

Following presentation of the evidence, the jury returned a verdict in favor of respondents, which included an award of $2,500 in damages. Appellants moved for a judgment notwithstanding the verdict or, in the alternative, for a new trial. Declining to follow the verdict of the jury, the trial court granted appellants' motion for a judgment notwithstanding the verdict and entered judgment accordingly. It based its decision upon its independent finding that the southerly shift of the Sol Duc River was attributable to "a slow, gradual, imperceptible change known as accretion, as distinguished from a sudden change or movement known as avulsion." The court, upon this finding, concluded that respondents had lost their prior ownership rights in the disputed area.

Respondents then moved for a new trial. The grounds for this motion included an allegation that the court had prejudged the case, as evidenced by the letter, heretofore mentioned, written by the former law partner of the trial

judge. For the first time, upon this motion, the contents of the letter were disclosed to the court. Addressed to Alfred Diimmel, (plaintiff) respondent, it discussed the boundary dispute at issue, and ventured the author's opinion that respondent had lost property rights due to the gradual shifting of the bed of the river. Respondents' motion for a new trial was granted on this sole ground. In its order, the court said:

Notwithstanding the fact that the Court has no independent recollection of the letter or the contents thereof and has no prior knowledge of the facts involved in said action, nevertheless the integrity of the Court is made an issue, and the plaintiff may justifiably feel that he has been denied a fair trial.

Appellants assign error to the granting of a new trial, contending that the trial court thereby abused its discretion.

■ We are in complete agreement with the observation made by appellants that the record does not give the slightest hint that the forthright trial judge gave other than open mind and impartial ear to the cause tried before him. Even so, we are not disposed to hold that the trial court abused its discretion in granting respondents a new trial. While we are of the opinion that the cause was impartially decided, the conclusion cannot be escaped that the very existence of the letter beclouded the entire proceeding. It is incumbent upon members of the judiciary to avoid even a cause for suspicion of irregularity in the discharge of their duties. Why the nature of the letter was not disclosed to the court prior to trial eludes our speculation. We have no doubt that, had the letter been presented at the proper time, the trial judge would have removed himself from the case. When confronted with what must have been the embarrassing fact that his former partner had expressed a professional opinion in writing corresponding to the conclusion that he himself had reached, the trial judge acted in conformity with the highest standard of conduct demanded of members of the judiciary, and granted a new trial. In this, we perceive no abuse of judicial discretion.

Order affirmed.